TOMÁS MIRANDA, JR., Plaintiff and Appellant, *v.* NATIONAL FIRE INSURANCE Co., Defendant and Appellee.

No. 4997.  Argued February 19, 1930.—Decided July 10, 1930.

*V. M. Fernández* and *G. Cruzado Silva* for appellant.  *O. B. Frazer & R. Castro Fernández* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

Tomás Miranda, Jr., instituted an action against the National Fire Insurance Co. to recover the sum of $2,000 on an insurance policy.  The cause was tried in the District Court of San Juan, which gave judgment for the defendant; and the plaintiff has appealed from that judgment.

The first assignment of error is formulated thus:

"The court erred in overruling the motion to strike out."

It was prayed in the motion referred to by the appellant: (*a*) That the denials purporting to meet the third and fourth

paragraphs of the complaint be stricken out; (*b*) that the affidavit to the answer be stricken out.

The third and fourth paragraphs of the complaint set forth allegations as to the ownership of the insured house at the time of the fire, and the description of the said house. The denials of these allegations were stated in the answer as follows:

"3. For lack of sufficient information to form a belief, it denies that on March 24, 1928, the plaintiff was the owner of the house described in the third paragraph of the complaint.

"4. For lack of sufficient information to form a belief, it denies that the building mentioned in the insurance policy is described in the manner set forth in the fourth paragraph of the complaint."

After the decision in *Eneglotaria Medicine Co.* v. *Manuel Sosa López*, 38 P.R.R. 542, no one can validly maintain in this jurisdiction that a denial "for lack of sufficient information to form a belief" is good pleading. The sufficiency of the information is a conclusion on the part of the defendant, which should not be binding upon the plaintiff.

But, what would be the result for the parties if the third and fourth averments of the complaint should be considered as not having been answered, or even as admitted? That the facts alleged as to the ownership of the property and its description would be rendered incontrovertible or indisputable in the case. That is all. But the fact of ownership could never form the sole basis for the judgment. Such a fact is only one of several elements which entered into the decision complained of.

Granting that these two averments have been admitted, as an insurance contract is involved, it becomes necessary to determine whether the essential elements of that contract and the facts relating to its breach or violation have likewise been admitted.

As regards the insurance contract its existence is admitted; but it is alleged that it is subject to certain condi-

tions which have not been performed by the plaintiff and which bar him from recovering any indemnity (fifth paragraph of the complaint and of the answer). As to the notice of loss, it is alleged in the complaint and denied in the answer that it was given at the time of the fire, the defendant admitting that on March 28, 1928, it received a written notice of the fire sent by the plaintiff. As to the allegation in the complaint that the defendant simulated sending to the plaintiff a blank form for the proofs of loss, the defendant denies it and alleges that it sent two such blank forms on March 29, 1928.

Furthermore, the defendant pleaded several special defenses, one of which was that it had been stipulated in the policy that in case of damage or loss it would be the duty of the insured, within fifteen days from the date of the fire, to furnish the insurer with written and sworn proofs of loss, describing the property injured or destroyed, the extent and amount of the loss, and details as to any other insurance carried, and that in case of failure to do so, the insured would forfeit all right to indemnity; that the insured failed to send such proofs of loss in writing and under oath at any time prior to June 4, 1928, when he did send them and the defendant accepted the same on a non-waiver basis, and that the defendant had not granted the plaintiff any extension of time for that purpose.

These denials were pleaded, not on the basis of a lack of information and belief, but in a positive manner; and similarly as to the special defenses. Thus an issue was created which called for a decision by the court. Hence, the ruling made on the motion to strike out did not affect the merits of the case nor the essential rights of the parties and, therefore, we do not consider it as a reversible error.

Nor was there any error in the ruling concerning the striking out of the affidavit. Probably the form of the verification could not be said to be the best that could be used; but in the answer the allegations based on information and belief

are adequately separated from those which are not so pleaded, and the oath is sufficient in its present form.

The second assignment of error relates to the refusal of the court to render a judgment on the pleadings.

Even if it were held that the defendant had admitted the facts alleged in paragraphs 1, 2, 3, 4, 5, and 6 of the complaint, that is, the allegations relating to the capacity of the parties, the ownership and description of the property insured, and the occurrence of the fire, the defendant denied the 7th averment, to the effect that it had been notified by the plaintiff on the date of the fire, and it likewise denied that it had simulated the sending of the blank forms for the proofs of loss and on the contrary alleged that it had actually sent them; and in one of special defenses the defendant positively stated that the plaintiff had failed to comply with the condition of the contract relative to the furnishing of proofs of loss within the time stipulated in the policy. Under these circumstances, the court could not render a judgment on the pleadings, in the face of controverted facts on which evidence must be produced at the trial.

The third assignment is formulated in the brief, thus:

"The court erred in failing to hold as admitted the third, fourth and sixth averments of the complaint."

As we have already stated, those averments set forth the ownership of the urban property, its description, and its destruction by fire.

After an examination of the opinion delivered by the court, we find that it admitted as proved that Tomás Miranda, Jr., plaintiff herein, was the owner of the house described in the complaint and that the property was destroyed by fire on the date alleged. The plaintiff was entitled to expect no more under the said averments, either from admissions in the pleadings or from any other kind of proof.

The fourth error refers to the weighing of the evidence.

It is not claimed that the judge was moved by passion, prejudice or bias, nor that manifest error is involved.

We have examined the transcript of the evidence. The conclusions reached by the trial court are reasonable and correct.

It was the duty of the insured, in accordance with the eleventh clause of his contract, to send to the insurer, within fifteen days after the occurrence of the fire, written proofs of loss setting an itemized statement of the effects or properties destroyed or damaged and the extent of the loss or damage, etc.

The plaintiff argues that he did not receive from the company the blanks for preparing such proofs. That would be no defense or excuse. It was not the duty of the insurance company to supply those blanks as an obligation under the contract, just as the insured was not bound to use necessarily the official blanks of the company, which could not legally compel him to use them in the absence of an agreement to that effect. Service of a sworn statement, giving the particulars itemized in the corresponding clause of the contract, would have been a sufficient compliance with the requirement in the present case.

Citation is made of the case of *Quiñones* v. *L'Union*, 34 P.R.R. 388. The doctrine announced in that case is so clear that it leaves no room for any doubt. We transcribe the following paragraph from the opinion (p. 390):

"An insurance policy is a contract in which the parties to it acquire rights and assume obligations, and as the insured agreed to give written notice of the fire immediately after its occurrence and deliver to the insurance company within fifteen days a sworn statement of the losses and damages, itemizing the articles destroyed or damaged and giving their value as of the time of the fire, together with a statement of all other insurance thereon, or be deprived of all right to indemnity under the policy, the insured could not avoid compliance with that obligation without forfeiting his right to the benefits of the insurance. We may admit that the notice of the fire given by telephone substituted the written notice thereof that

should have been given to the company's agent, inasmuch as the agent visited the place where the fire occurred; but not that such notice relieved the insured of the other obligations imposed upon him by said section 11, particularly as the plaintiff admits that the·agent asked him later to write him a letter, which shows that the company did not waive the other matters included in the said section, notwithstanding the notice of the fire given by telephone.''

From an examination of ·the evidence as a whole it appears that, for some reason, the plaintiff failed to comply with the obligation to furnish proofs of loss as provided in the contract and within the time specified therein. The failure to comply with such requirement relieves the insurance company of all obligation to pay the insurance. That is what was agreed between the contracting parties, as appears from the policy itself.

The court did not err in weighing the evidence.

For the reasons stated, the judgment appealed from must be affirmed.